Daniel, Judge,
 

 after stating the case as above, proceeded as follows: If four separate actions of debt, one for each ward, had been brought on the guardian bond, as might have been done by virtue of the act of Assembly, 1 Rev. Stat. ch, 54, sec. 6, then the clerk could have taken the separate account of each ward with the guardian, and a proper judg
 
 *70
 
 ment might have been rendered in each case. Instead of suc^ a proceeding, the wards brought but one action on the bond, and assigned for breach thereof, that the guardian had failed to settle and pay over to all or any of them their property. It appears, that there never has been any judgment rendered for the plaintiffs on the bond, for the penalty to be discharged by the payment and satisfaction of any damages found, either by a jury, or the report of the clerk. The defendants (the sureties^ confessed to the plaintiffs what they called a partial judgment; and then it was agreed by the parties that the plaintiffs’ additional claim, as to so much of the clerk’s report as had been excepted to' by the defendants, should be referred to arbitrators; .and their award was to be made a rule of Court. The arbitrators have not made any award upon the matters referred to them — but return a statement, from which it appears that they attempted to take the separate accounts between the guardian and the four wards
 
 ab initio.
 
 One of them they bring in debt to the guardian, while it would appear that the guardian is indebted to the other three wards in different sums of money. They go on to state, that the guardian is entitled to a credit of $570 69 cents, for advances to the plaintiff’s mother; but how this credit is to be applied to the different claims of the wards,
 
 the
 
 arbitrators leave us in the dark. To this paper, returned into Court, the two arbitrators have signed their names. But in it there is no notice taken of the partial judgments; and there is no sum definitively awarded against the defendants. It appears to be a calculation made to aid the Court in its ulterior proceedings in the cause, more than a definite award. Without deciding whether the case stated in the bill, could be supported in this Court, (if made out,) we think the bill must be dismissed, for the want of proof of any award made, to sustain the case stated in the bill. Whether the plaintiffs can now proceed at law on the bond, is not for us to decide. The bill must be dismissed.
 

 Per Curiam. Bill dismissed.